Case 4:24-cv-02836   Document 23   Filed on 02/04/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RAYFIELD J THIBEAUX,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:24-cv-2836** |
| § | |
| **LYLE W CAYCE,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Rayfield J. Thibeaux's ("Thibeaux") Motion to Effectuate Service of Summons and Complaint (ECF No. 20).[1] Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Thibeaux's Motion to Effectuate Service of Summons and Complaint (ECF No. 20) be **DISMISSED AS MOOT** and the action be **DISMISSED WITH PREJUDICE**.

### I.     Procedural Background

In March 2020, Thibeaux filed an appeal with the United States Court of Appeals for the Fifth Circuit from the Western District of Louisiana in Appeal Number 20-30200. The Fifth Circuit noted the "claims made by

---

[1] On September 19, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 3).

Thibeaux in the [] complaint are repetitive of claims he made in two other appeals that were dismissed as frivolous." Appeal No. 20-30200, ECF No. 57-1 at 2 (citing *Thibeaux v. Cain*, 425 F. App'x 399 (5th Cir. 2011); *Thibeaux v. Unknown Psychiatrist*, 751 F. App'x 573, 574 (5th Cir. 2019)). Due to Thibeaux's history of filing frivolous and repetitive cases, the Fifth Circuit imposed a preclusion order and monetary sanction on July 8, 2021, stating:

> IT IS ORDERED that Thibeaux is SANCTIONED in the amount of $200 payable to the Clerk of this court. Until the sanction has been paid in full, he is BARRED from filing in this court or any court subject to the jurisdiction of this court any pleadings unless he first obtains leave from the court in which he seeks to file such a pleading. Additionally, Thibeaux is WARNED that any future unauthorized, repetitive, or frivolous filings in this court or any court subject to this court's jurisdiction will subject h[i]m to additional and progressively more severe sanctions. Further, Thibeaux should review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive to avoid additional sanctions.

Appeal No. 20-30200, ECF No. 60.

On October 2, 2023, Thibeaux filed suit in the Southern District of Texas. *See Rayfield J Thibeaux v. Troy Finner*, et al., 4:23-cv-03783. On December 18, 2023, United States District Court Judge Charles Eskridge issued a Memorandum on Dismissal, dismissing the case for failure to pay the outstanding $200 sanction or to obtain written authorization to file the action as required by the Fifth Circuit sanction order in Appeal Number 20-30200 and because "[s]uch allegations are repetitive of claims the Fifth Circuit found

to be abusive." *Id.*, ECF No. 7 at 4.

On December 27, 2023, Thibeaux paid the outstanding sanction of $200. *See id.,* Docket Entry dated December 27, 2023. Thibeaux then filed a Motion for Leave to Reopen and File the Pending Complaint. *Id.*, ECF No. 9. However, Judge Eskridge denied Thibeaux's motion and dismissed the case because he failed to "obtain written permission from the Court to file any pleading" and because "[s]uch allegations are repetitive of claims the Fifth Circuit found to be abusive." *Id.*, ECF No. 11 at 4.

On July 31, 2024, Thibeaux filed the instant complaint, essentially seeking to reopen case number 4:23-cv-03783. (ECF No. 1). As an exhibit to his complaint, he attached multiple filings previously filed in 4:23-cv-03783. To date, Thibeaux fails to obtain written permission to file any pleadings.

## II.   Discussion

The Court recommends this case be dismissed on two grounds: (1) failure to obtain written authorization or permission to file the instant action; and (2) failure to properly serve Defendant Lyle W. Cayce ("Cayce") under Federal Rule of Civil Procedure ("Rule") 4(i). Each ground is addressed in turn.

### A.   Sanction Order to Obtain Permission to File

Thibeaux has not obtained written permission to file any pleadings and is barred from filing this action against Cayce as the instant complaint is used as an attempt to circumvent the court, which already denied him leave to file.

Rather than seeking leave in this Court, Thibeaux is attempting to sue Cayce, the Fifth Circuit Clerk, to obtain permission to file. This is evidenced by the fact that Thibeaux filed exhibits of documents pertaining to the Fifth Circuit case, 20-30200, and documents pertaining to the 4:23-cv-3783 case before Judge Eskridge. (*See* ECF Nos. 1–1-4).

"'There is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings.'" *Flores v. Davis*, No. 1:18-cv-0070, 2018 WL 3581711, at *2 (S.D. Tex. June 12, 2018), *report and recommendation adopted*, No. 1:18-cv-00070, 2018 WL 3581700 (S.D. Tex. July 25, 2018) (quoting *Thanedar v. Time Warner, Inc.*, 352 Fed. App'x. 891, 900 (5th Cir. 2009)). "A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *see Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings). (ECF No. 12).

Further, federal courts have held:

> there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious and consequently approved the practice of enjoining certain litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous filings or to protect the integrity of the courts and the orderly and expeditious administration of justice.

*Kaminetzky v. Frost Nat. Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995) (citing *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1499 (5th Cir. 1993), *cert. denied*, 510 U.S. 1044 (1994) (enjoining the plaintiff from instituting any new proceedings based on the facts underlying this dispute in any federal court, in any Texas state court, or in any other state court); *Tripati v. Beaman*, 878 F.2d 351, 352–53 (10th Cir. 1989) (stating there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious and a district court has the power to enjoin litigants who abuse the court system); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (holding an order requiring leave of court before plaintiffs file any further complaints is the proper method for handling the complaints of prolific litigators); *Brown v. Gibson*, 571 F. Supp. 1075, 1077 (W.D. Mo. 1983) (requiring a plaintiff to seek leave of court before filing any new civil actions); *Hanson v. Goodwin*, 432 F. Supp. 853, 858 (W.D. Wash.), *appeal dismissed*, 566 F.2d 1181 (9th Cir. 1977) (enjoining the plaintiffs from commencing any legal proceeding against any federal judge, federal attorney, federal law enforcement officer, or other federal employee without prior leave of court)).

Because Thibeaux has failed to obtain permission to file any pleadings and due to the repetitive and frivolous nature of his allegations, the Court recommends dismissal of this suit with prejudice.

### B.     Service under Rule 4(i)

Alternatively, even if he had permission to file suit, Thibeaux has failed to properly serve Cayce under Rule 4(i).  On December 19, 2024, the Court ordered Thibeaux to properly serve Cayce in accordance with Rule 4(i) by January 19, 2025. (ECF No. 12).  On January 2, 2025, the Court again ordered Thibeaux to effectuate service in accordance with Rule 4(i) and ordered Thibeaux to obtain leave to file pleadings to proceed in the instant action. (ECF No. 16).  On January 7, 2025, the Court noted Thibeaux had not properly served Cayce as he failed to "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought"—the Southern District of Texas.  (ECF No. 19 at 1 (quoting FED. R. CIV. PRO. 4(i)(1)(A))).

Moreover, "[a] district court may dismiss a case for failure to prosecute or comply with court orders." *Thompson v. Nueces Cnty. Jail*, No. 2:24-cv-00107, 2024 WL 4507372, at *2 (S.D. Tex. Sept. 16, 2024), *report and recommendation adopted*, No. 2:24-cv-00107, 2024 WL 4505476 (S.D. Tex. Oct. 16, 2024) (citing FED. R. CIV. P. 41(b); *Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss

an action *sua sponte*, without motion by a defendant.")).

Because Thibeaux failed comply with court orders to effectuate proper service by January 19, 2025, the Court also recommends dismissal of the case on this ground.

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Thibeaux's Motion to Effectuate Service of Summons and Complaint (ECF No. 20) be **DISMISSED AS MOOT** and the action be **DISMISSED WITH PREJUDICE**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on February 4, 2025.

                                          Richard W. Bennett
                                   United States Magistrate Judge